WILLIAM MULLIN, PLAINTIFF-RESPONDENT, v. CAMDEN COUNTY BEVERAGE COMPANY, DEFENDANT-APPELLANT.

Submitted October term, 1936—Decided December 23, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the appellant, *Walter S. Keown (George D. Rothermel,* of counsel).

For the respondent, *Harris & Wood (William Harris,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.   Defendant appeals from a judgment of the Camden County Court of Common Pleas, based on a jury verdict of $1,768 damages and $82.27 costs, in favor of the plaintiff.

The complaint sets forth that on May 15th, 1933, plaintiff sold and delivered to defendant, at 1711 Van Buren street, Camden, New Jersey, two hundred and forty-six empty half-barrel beer kegs at $8 a barrel; that $200 was paid on account thereof and that there was due the plaintiff from the defendant the balance of $1,768.

Roughly stated the proofs offered in support of plaintiff's claim is that plaintiff made the agreement for the sale and delivery of the barrels with one Thomas Coogan, known as "Tippy" Coogan, representing defendant; that plaintiff had

taken orders from defendant through Coogan for about five years; that plaintiff delivered the barrels to 1711 Van Buren street, which was the defendant's bottling or filling place; that the barrels were delivered and received by one Evans, who gave plaintiff a receipt for the same, the duplicate copy thereof he delivered to defendant; that the barrels were thereafter taken from 1711 Van Buren street by defendant in its trucks to its brewery; that Evans was authorized to do what he did by one Allison, president of the defendant company; that Allison and one Charles A. Bodine, who was alleged to have a money interest in the defendant company, in effect, accepted the fruits of the contract sued upon and ratified the contract.

Defendant disclaimed liability. In the borrowed words of its counsel "the whole defense of defendant is that this law suit is altogether fictitious * * *." Defendant denied that it ever made a purchase of the barrels from plaintiff, or ever authorized anyone directly or indirectly to make the alleged purchase for it, or ever received the barrels, or made any payment on account thereof.

In support of its denial of liability defendant offered proof to the effect that it had nothing whatever to do with the purchase of the barrels and did not, in fact, receive them. Bodine denied that he had any interest in the defendant company. Coogan, who it was claimed by plaintiff represented the defendant, testified that 1711 Van Buren street, where the barrels were delivered, was his place of business for the distribution of beer; that the barrels were owned by him and deliverd to him and the reason he did not pay plaintiff for them was because they were stolen from him by Evans who sold them to the plaintiff; that Evans, who gave the receipt for the barrels, was employed by Coogan and not the defendant. And there were further proofs offered for defendant in support of its denial of liability. Defendant's motions for nonsuit and a directed verdict were denied by the court and the case was submitted to the jury for its determination. The propriety of that disposition of the motions is here challenged.

In the language of the Court of Errors and Appeals in the case of *Internal Water Heater Co., Inc.,* v. *Burns Bros.,* 114 *N. J. L.* 368 (at *p.* 374); 176 *Atl. Rep.* 380:

"The principles of law applicable in order to bind a corporation on its contract, the action of the officers of a corporation within the apparent powers conferred upon them, the ratification of such contract and the acceptance of the fruits thereof, are all too firmly established to be herein again restated. See *Erie Railroad Co.* v. *S. J. Grove & Sons Co., Inc.,* 114 *N. J. L.* 216," and cases therein collated.

The proofs were in sharp conflict. Our study thereof leads us to the compelling conclusion that practically all of the parties and their respective witnesses were of one and the same ilk; they were engaged in the illegal manufacture and traffic of beer during the years of prohibition and some did not escape without a jail penalty for so doing; that after the repeal of prohibition the name of the corporation was changed but its activities, and those of the others here involved, in the manufacture and sale of beer continued.

The jury might well have found, if they so chose, for the defendant. They elected to find for the plaintiff; there is ample evidence to support that finding. We are thoroughly in accord with the trial judge when he said that the whole issue "devotes itself into pretty much a question of credibility * * *." The trial judge, therefore, properly refused the motions to nonsuit and to direct a verdict in favor of the defendant. The charge to the jury was fair and free from reversible error.

We find no merit in any of the other points argued.

Judgment is affirmed, with costs.